UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM O. ROBINSON, | 1: 05 CV 01051 AWI DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| JOHNNY DANG, | |
| Defendants. | |

**A. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint filed on August 16, 2005.

**B. SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners when they are seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 79 (1984), citing, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  Reviewing under this standard, the Court must accept Plaintiff's allegations in his complaint are true.  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976).  The Court must also construe the complaint in light most favorable to the Plaintiff, and resolve all doubts in the Plaintiff's favor. Jankins v. McKeithen, 395 U.S. 411, 421 (1969).

**C. PLAINTIFF'S ALLEGATIONS**

In the instant case, Plaintiff brings an action against defendant Johnny Dang, a physician employed at Corcoran State Prison.  Plaintiff alleges he went to see Dr. Dang at an unspecified time for a skin problem.  Defendant prescribed skin cream for Plaintiff's skin condition.  Plaintiff contends that the skin cream caused blisters on his face and body.  Plaintiff alleges that defendant's conduct constitutes deliberate indifference to a serious medical need in violation of the Eighth Amendment.

**D. DISCUSSION**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves both a subjective and objective element.  First, the objective prong requires the alleged deprivation to be "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Second, the subjective prong requires that the prison official acts with a "sufficiently culpable state of mind."  Farmer, 511 U.S. at 837.  This state of mind is more than mere negligence, but less than intentional conduct undertaken for the very purpose of causing harm.  Id.  The prison official must know of and disregard an excessive risk to an inmates health or safety. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a

prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support a cause of action for an Eighth Amendment constitutional violation. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cira. 1990). A prisoner's mere disagreement with diagnoses or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In the complaint, Plaintiff alleges that defendant's conduct in prescribing skin cream for his skin condition caused skin blisters on his face and body. Plaintiff disagrees with the medical treatment prescribed by Dr. Dang. Such disagreement does not rise to the level of a constitutional violation. The Constitution protects plaintiff from deliberate indifference to his serious medical needs, it does not guarantee that plaintiff will receive the type of medical he chooses. Thus, Plaintiff has failed to state a claim for relief under section 1983.

**E. CONCLUSION**

The court finds it necessary to dismiss the complaint in its entirety. The Court will grant Plaintiff an opportunity to amend to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2       In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to
3  make Plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
4  complaint be complete in itself without reference to any prior pleading.  This is because, as a
5  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
6  F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, as an original complaint,
7  each claim and the involvement of each defendant must be sufficiently alleged.

8       In accordance with the above, IT IS HEREBY ORDERED that:

9           1. Plaintiff's complaint is dismissed; and

10          2. Plaintiff is granted thirty days from the date of service of this order to file an
11 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
12 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
13 docket number assigned this case and must be labeled "Amended Complaint"; Plaintiff must file
14 an original and two copies of the amended complaint; failure to file an amended complaint in
15 accordance with this order will result in dismissal of this action.

17       IT IS SO ORDERED.

18   **Dated:   September 18, 2006**                    **/s/ Dennis L. Beck**
     3b142a                                         UNITED STATES MAGISTRATE JUDGE