# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM O. ROBINSON, | 1: 05 CV 01051 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION |
| v. | |
| JOHNNY DANG, | |
| Defendants. | |

**A. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.   Pending before the court is Plaintiff's amended complaint filed on August 9, 2007.

**B. SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners when they are seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,

467 U.S. 69, 79 (1984), citing, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). Reviewing under this standard, the Court must accept Plaintiff's allegations in his complaint are true. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the complaint in light most favorable to the Plaintiff, and resolve all doubts in the Plaintiff's favor. Jankins v. McKeithen, 395 U.S. 411, 421 (1969).

**C. PLAINTIFF'S ALLEGATIONS**

In the instant case, Plaintiff brings an action against defendant Johnny Dang, a physician employed at Corcoran State Prison. Plaintiff alleges that on June 15, 2003, he went to see Dr. Dang for a skin problem. Dr. Dang admitted plaintiff to the hospital on June 25, 2003. Defendant prescribed skin cream for Plaintiff's skin condition. Plaintiff contends after his medication was stopped, his blisters reappeared and he was re-admitted to the hospital on December 13, 2004.

**D. DISCUSSION**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves both a subjective and objective element. First, the objective prong requires the alleged deprivation to be "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the subjective prong requires that the prison official acts with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 837. This state of mind is more than mere negligence, but less than intentional conduct undertaken for the very purpose of causing harm. Id. The prison official must know of and disregard an excessive risk to an inmates health or safety. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support a cause of action for an Eighth Amendment constitutional violation. Broughton v. Cutter Laboratories,

622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cira. 1990). A prisoner's mere disagreement with diagnoses or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff disagrees with the medical treatment prescribed by Dr. Dang. As plaintiff was previously advised, such disagreement does not rise to the level of a constitutional violation. The Constitution protects plaintiff from deliberate indifference to his serious medical needs, it does not guarantee that plaintiff will receive the type of medical care he chooses. Thus, Plaintiff has failed to state a claim for relief under section 1983.

**E. CONCLUSION**

Based on the foregoing, the Court recommends that the complaint be dismissed in its entirety. In doing so, the court does not recommend that leave to amend be granted as plaintiff has already been given the opportunity to amend the complaint and was unable to cure the deficiencies identified by the court.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days of this order, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 25, 2008**            /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE

3